```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


MARY R. WHITMIRE,               §
                                §
            Plaintiff,          §
                                §
v.                              §   CIVIL ACTION NO. H-05-3732
                                §
BANK ONE, N.A.,                 §
                                §
            Defendant.          §
```

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff, Mary R. Whitmire, filed this action in the County Civil Court at Law No. 2 of Montgomery County, Texas, against defendant, JPMorgan Chase Bank, N.A. (JPMC), successor by merger to Bank One, N.A., seeking damages for economic loss and mental anguish, statutory fines for violation of the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act, and attorney's fees pursuant to the Texas Finance Code § 392.403, arising from the wrongful repossession of a 1999 Chevrolet 1500 pickup truck, vehicle identification number 1GCEC14W2XZ166625. JPMC removed this action to this court pursuant to 28 U.S.C. § 1441(a) (Docket Entry No. 1).  Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 8).  For the reasons set forth below, plaintiff's motion will be denied.

## I. Factual Allegations[1]

Plaintiff alleges that in January of 2002 she executed a contract to purchase a 1999 Chevrolet 1500 pickup truck for the total price, including tax, of $15,370.50. Plaintiff financed $13,514.61 of the purchase price pursuant to a loan assigned to Bank One, N.A. On May 6, 2004, the truck was repossessed and sold for a price that resulted in a deficiency balance of $5,801.45. Asserting that the wrongful repossession and sale of the truck forced her to buy a replacement vehicle at additional cost, plaintiff filed suit in state court seeking to recover "the cost of obtaining the replacement vehicle[] made necessary solely because of the Defendant's action."[2] Plaintiff also seeks an order directing JPMC to remove all references to the deficiency balance from her credit report, damages for mental anguish, statutory damages for violation of the Texas Debt Collection (DCPA) Practices Act and the Texas Deceptive Trade Practices Act (DTPA), and attorney's fees. Plaintiff alleges that JPMC's "unreasonable collection efforts were conducted willfully with the deliberate intention of inflicting injury on the Plaintiff and with the knowledge of the probable results of that campaign."[3]

---

[1] See Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, pp. 1-3.

[2] Id. at p. 2.

[3] Id. at pp. 2-3.

## II.  Plaintiff's Motion to Remand

JPMC's Notice of Removal asserts jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(a), because plaintiff is a citizen of Texas, and JPMC is a corporate citizen of Ohio.[4]  See Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004), petition for cert. filed, 73 U.S.L.W. 3463 (Jan. 3, 2005).[5]  Admitting that she is a citizen of the State of Texas and the JPMC is considered a citizen of the State of Ohio, plaintiff argues that this action should be remanded to state court because the amount in controversy is less than $75,000.[6]  Attached to plaintiff's motion to remand is an affidavit executed by the plaintiff regarding the damages sought in this action.  The affidavit states

---

[4]See defendant's Notice of Removal, Docket Entry No. 1, second unnumbered page (asserting that "JPMC is a national bank chartered in the State of Ohio, with its principal place of business in Columbus, Ohio").

[5]The citizenship of a national banking association is governed by 28 U.S.C. § 1348, which makes national banking associations citizens of all states in which they are "located."  The Fifth Circuit has recently held that "located" under § 1348 includes only the state of the banking association's principal place of business and the state listed in its organizational certificate and articles of association.  See Horton, 387 F.3d at 436.  See also Firstar Bank, N.A. v. Faul, 253 F.3d 982, 993-994 (7th Cir. 2001) (same).  Some other courts have held that a national banking association is a citizen of every state where it operates a branch office.  See Wachovia Bank v. Schmidt, 388 F.3d 414 (4th Cir. 2004) (citing World Trade Center Properties, LLC v. Hartford Fire Ins. Co., 345 F.3d 154, 161 (2d Cir. 2003)).

[6]See Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1.

> [i]n connection with the lawsuit that I filed against Bank One, N.A., I am seeking damages for the value of the vehicle that was repossessed in the approximate amount of $15,370.50.  I am asking that I be relieved of any obligation to pay the deficiency of approximately $5,000.00.  Additionally, I am seeking damages for attorney's fees and for the Defendant's violations of the Texas Fair Debt Collection Act.  I do not anticipate that my attorney's fees will be in excess of $10,000.00 and I do not anticipate the damages for the violation of the Texas Fair Debt Collection Act will be in excess of $2,500.00.  I further stipulate that I will not seek more than $15,000 for mental anguish, damages and for punitive and exemplary damages.  I stipulate that I am not seeking $75,000.00 or more and if I were awarded $75,000.00 or more, I would not accept anything over that amount.[7]

Plaintiff argues that her affidavit establishes that "the court is without jurisdiction to hear this action because jurisdiction based upon diversity of citizenship no longer exi[s]ts."[8]

**A.   Applicable Law**

Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are diverse.  28 U.S.C. § 1332.  Since the diversity of the parties is not in dispute,[9] the sole issue in this case is whether the amount in controversy exceeds $75,000.

The removing party bears the burden of establishing that federal jurisdiction exists.  De Aguilar v. Boeing Co. (De Aguilar II), 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 116

---

[7]See Affidavit executed by the plaintiff, Mary R. Whitmire, on December 1, 2005, attached to Motion to Remand, Docket Entry No. 8.

[8]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1.

[9]Id.

S.Ct. 180 (1995). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Id. at 1409 (quoting De Aguilar v. Boeing Co. (De Aguilar I), 11 F.3d 55, 58 (5th Cir. 1993)). "[J]urisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (1995). Once diversity jurisdiction has attached, it cannot be divested by the voluntary reduction of the amount in controversy below jurisdiction. Id. at 1336. See also St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586 (1938).[10] Although a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction, a post-removal stipulation may be considered in determining if the case was removable if the stipulation is offered to clarify an ambiguous petition and is not offered to reduce the initial amount in controversy. See Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (citing Asociacion Nacional de Pescadores a Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombis S.A., 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994), abrogated

---

[10]In St. Paul Mercury, 58 S.Ct. at 592-593, the plaintiff originally alleged damages above the jurisdictional amount in state court but amended the complaint in federal court to state less than the required amount. The Court held that the subsequent amendment could not strip the federal court of jurisdiction, provided that the original claim for damages was made in good faith.

-5-

on other grounds by Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998), rev'd on other grounds, 199 S.Ct. 1563 (1999)).

The Fifth Circuit has established an analytical framework for resolving disputes concerning the amount in controversy for actions removed from state courts based on assertions of diversity jurisdiction.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)).  When the plaintiff has not specified the numerical value of the damage claim "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  Luckett, 171 F.3d at 298 (citing De Aquilar I, 11 F.3d at 58).

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."

Id. (quoting Allen, 63 F.3d at 1335).  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  Gebbia, 233 F.3d at 883 (citing St. Paul Mercury, 58 S.Ct. at 592-593, ANPAC, 988 F.2d at 565, Allen, 63 F.3d at 1336, and De Aquilar II, 47 F.3d at 1407).

**B. Analysis**

JPMC argues that it is facially apparent from plaintiff's original petition that the amount in controversy exceeds $75,000, and that Whitmire's affidavit cannot deprive the court of jurisdiction that attached before Whitmire filed the affidavit.[11]

1. <u>Facially Apparent</u>

In determining whether the removing defendant has established by a preponderance of the evidence that the jurisdictional threshold is reached, the court must first determine whether it is "facially apparent that the claims are likely above [$75,000]." <u>Allen</u>, 63 F.3d at 1335.

> [T]he proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]. In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal.

<u>Id.</u> at 1336.

Plaintiff seeks damages arising from the wrongful repossession of her truck, which she alleges forced her to buy a replacement vehicle at additional cost, damages for "severe and continuing mental anguish, which has caused a substantial disruption in the Plaintiff's daily routine, and will in all reasonable probability

---

[11]See Defendant's Response to Plaintiff's Motion to Remand and Motion to Strike Plaintiff's Affidavit and Memorandum in Support, Docket Entry No. 11, p. 1.

continue to suffer the same for a long time in the future,"[12] damages for violation of the Texas DCPA and DTPA, and attorney's fees. Since plaintiff alleges that the payments were current when the vehicle was repossessed, that she was repeatedly contacted at home and at work by collection agencies hired by JPMC to collect the alleged deficiency balance, and that JPMC's collection efforts were conducted willfully with the deliberate intention of inflicting injury on her and with knowledge of the probable results of it actions,[13] plaintiff's allegations will support an award of treble damages under the DTPA.  In relevant part the DTPA provides

> . . . If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages.

Tex. Bus. & Com. Code § 17.50(b).  Plaintiff seeks a minimum amount of $15,370.50 in economic damages resulting from the loss of her truck; trebling these damages would result in a recovery of $45,811.50.  Since the allegations in plaintiff's original petition show that in addition to the economic damages for the loss of her truck she also seeks damages for allegedly severe and on-going

---

[12] Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, p. 3.

[13] Id. at p. 3.

mental anguish, which, like the economic damages, would be subject to trebling under the DTPA should plaintiff prevail on her allegations that JPMC's wrongful actions were intentional, and that she seeks additional sums for statutory damages and attorney's fees, the court concludes that JPMC has demonstrated by a preponderance of the evidence that it is facially apparent from plaintiff's petition that her claims are likely above $75,000. See Allen, 63 F.3d at 1336 (holding that face of the complaint supports the assertion of federal jurisdiction if plaintiff would collect more than the jurisdictional amount by successfully asserting claim for punitive damages). See also Chittick v. Farmers Ins. Exchange, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (concluding that removing defendant met its burden of demonstrating that plaintiff's claims exceeded the jurisdictional threshold of $50,000 where underlying damage claim of $14,680 to $25,413 was accompanied by claims under the DTPA and the Texas Insurance Code, exemplary damages, and attorney's fees).

    2.   Plaintiff's Affidavit

Since the court concludes that defendant has established by a preponderance of the evidence that it is facially apparent from Whitmire's original petition that the amount in controversy is likely to exceed $75,000, Whitmire can only show that removal is improper by establishing to a legal certainty that when she filed suit the amount in controversy was less than $75,000.

De Aguilar II, 47 F.3d at 1412.  In Texas "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul [Mercury] makes later filings irrelevant."  Id.

Whitmire did not file either a binding stipulation or an affidavit limiting the scope of her potential recovery with her original petition.  Although plaintiff did file such an affidavit with her motion to remand, included in her motion to remand is the assertion that "jurisdiction based upon diversity of citizenship no longer exi[s]ts."[14]  Her assertion that "jurisdiction . . . no longer exists" shows that the affidavit is not intended to clarify the jurisdictional facts as they existed when she filed suit but, instead, that the affidavit is intended to reduce the amount of damages sought below $75,000 to defeat federal jurisdiction.  This purpose of Whitmire's affidavit is also evidenced by her failure to mention in it the DTPA claim that she has alleged would allow her to recover treble the amount of economic loss and mental anguish damages, which she asserts are over $30,000, should she prevail on her allegations that JPMC's wrongful actions were knowing and intentional.[15]  Since it is facially apparent from Whitmire's original petition that the amount in controversy is likely to exceed $75,000, Whitmire's post-removal affidavit reducing the

---

[14]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1.

[15]See Affidavit attached to Plaintiff's Motion to Remand, Docket Entry No. 8.

amount to below $75,000 cannot deprive the court of jurisdiction that had already attached.  See Gebbia, 233 F.3d at 883 (citing St. Paul Mercury, 58 S.Ct. at 592-593).  See also Allen, 63 F.3d at 1336.  Accordingly, the court concludes that plaintiff has not established to a legal certainty that the amount in controversy is less than $75,000.

### III.  Conclusions and Order

Because the court finds that JPMC has established by a preponderance of the evidence that it is facially apparent from plaintiff's original petition that the amount in controversy is likely to exceed $75,000, and that plaintiff has failed to establish to a legal certainty that the amount in controversy is less than $75,000, Plaintiff's Motion to Remand (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of December, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE